<span>MEEKER</span>
<span>v.</span>
<span>PATTY.</span>

---

MEEKER and Another, Administrators, *v.* PATTY and Others.

In every bill of exceptions purporting to set out the evidence on motion for a new trial overruled, the words "this was all the evidence given in the cause," are, by a rule of the Supreme Court, to be regarded as technical, and indispensable to repel the presumption of other evidence.

APPEAL from the *Wayne* Court of Common Pleas. <span>*Thursday,*</span>
<span>*June 14.*</span>
*Per Curiam.*—The appellees sued the administrators of *Reuben Worth*, deceased, to recover a distributive share of

May Term, 1855.

an estate, alleged to have come into the hands of *Worth* in his lifetime. The Court tried the cause and found for the plaintiffs. New trial refused, and judgment on the finding.

The insufficiency of the evidence to support the judgment, is the only error assigned.

In the record there is a bill of exceptions, which sets out certain evidence, but it contains no sufficient statement that all the evidence given on the trial is embraced in the bill. A rule of this Court, established at the *May* term, 1853, provides, that "in every bill of exceptions purporting to set out the evidence on motion for a new trial overruled, the words 'this was all the evidence given in the cause,' are to be regarded technical, and indispensable to repel the presumption of other evidence." The form of expression required by the above rule, viz., "this was all the evidence given in the cause," has not been followed in the present case. We must therefore presume that the Court below had before it evidence sufficient to sustain the judgment.

The judgment is affirmed, with 2 per cent. damages and costs.

*W. A. Bickle*, for the appellants.

*J. B. Julian*, for the appellees.